UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY W. HUBBARD, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }   Case No.: 2:14-cv-02305-RDP |
| | } |
| BIRMINGHAM VMAC, et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

**I.   Introduction**

This case is before the court on Plaintiff's First Amended Complaint (Doc. # 5), filed January 15, 2015. Although the docket indicates Defendants were served a Summons on January 23, 2015, they filed no response to the First Amended Complaint. However, after careful review of Plaintiff's claims, the court determines it lacks subject matter jurisdiction over them. Thus, for the following reasons, this case is due to be dismissed.

**II.  Case History**

Plaintiff is proceeding *pro se* in this action. On December 1, 2014, Plaintiff filed his Complaint, which did not contain complete sentences or state a claim. (Doc. # 1). He also filed a Motion for Leave To Proceed *In Forma Pauperis*. (Doc. # 2). The court granted that Motion and ordered Plaintiff to replead his Complaint to (1) state a claim, and (2) comply with the Federal Rules of Civil Procedure. (Doc. # 4). On January 15, 2015, Plaintiff filed his First Amended Complaint, which is examined in this Opinion. (Doc. # 5). He subsequently served a Summons on Defendants. They filed no response. Although Plaintiff *sua sponte* filed a

handwritten document on February 23, 2015, which purports to also be the First Amended Complaint, that document contains no clear statements and states no claims for relief. (Doc. # 8). The court is frankly perplexed by that document, but, in any event, and out of an abundance of caution, it proceeds as if the January 15, 2015 typed First Amended Complaint is the true pleading in this case. (Doc. # 5).

### III.   The Allegations

Plaintiff is a Veteran. (Doc. # 5 at ¶ 3). He has previously received from "Defendant" Birmingham Veterans Affairs Medical Center ("VAMC"), a federal agency under the Department of Veterans Administration ("VA"),[1] certain prescription medications by mail. (*Id.* at ¶ 4). Plaintiff alleges that from approximately November 3, 2014, to November 30, 2014, Defendant negligently sent his medications to an incorrect address despite the fact that he had given Defendant his correct address. (*Id.* at ¶ 5). Because he was deprived of his medications, Plaintiff alleges he suffered "significant pain and anxiety." (*Id.* at ¶ 6). Plaintiff further alleges that on or about November 20, 2014, he came to Defendant's building and requested the medications he had not received. (*Id.* at ¶ 8). He purportedly informed one of Defendant's employees that he had not eaten and was in distress, and asked for food. (*Id.*). Plaintiff asserts that Defendant VAMC refused to provide him with food or medication, and was grossly negligent and intentional in doing so. (Doc. # 5 at ¶¶ 9-10).

### IV.   Standard of Review

Federal district courts can only hear cases over which they have jurisdiction. *See United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) ("Federal courts are courts of limited

---

[1] Although Plaintiff requested service on Brent Robins, the Director of Public Affairs for the Birmingham VAMC, he appears to only make claims against the Birmingham VAMC as "Defendant" in his First Amended Complaint. (*See* Doc. # 5). Based on the facts alleged in the First Amended Complaint, any allegations against Mr. Robins actually concern the Birmingham VAMC.

jurisdiction.") (citations omitted). "We should not overstep the limits on our jurisdiction and exercise power we do not have over disputes Congress has not given us authority to decide." *Id.* (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)). "The district court 'should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings,' and is obligated to do so '*sua sponte* whenever [subject matter jurisdiction] may be lacking.'" *Nalls v. Countrywide Home Servs., LLC*, 279 Fed. Appx. 824, 825 (11th Cir. 2008) (*per curiam*) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)) (changes in *Nalls*). "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978[2])).

**V.    Analysis**

Although Plaintiff's First Amended Complaint alleges negligence, grossly negligence, and an intentional failure to provide medication and food to him, it is readily apparent that these are actually claims for veteran's benefits. (*See* Doc. # 5). This court does not have jurisdiction over such claims.

In 1988, Congress enacted the VJRA not only "to create an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized systems comprised of the BVA [Board of Veterans Appeals], the newly established CVA [Court of Veterans Appeals (now named the Court of Appeals for Veterans Claims)], and the Federal Circuit." *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1977); *see* 38 U.S.C. §

---

[2] The Eleventh Circuit recognizes all of the Fifth Circuit decisions rendered prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

7252(a) ("The [Veteran's Appeals Court] shall have exclusive jurisdiction to review decisions of the [BVA].")  The VJRA provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a).  It also specifically provides the means by which a plaintiff can challenge decisions made by the VA concerning benefits: an appeal of the Secretary's decision must first be taken to the BVA, then to the Veteran's Appeals Court, and then to the Federal Circuit.  *See* 38 U.S.C. §§ 7104, 7252, 7292.  Accordingly, this court lacks jurisdiction over Plaintiff's benefits claims.  *See* 38 U.S.C. § 511(a); *see also, e.g.*, *Slater v. United States*, 175 Fed. Appx. 300, 305 n. 2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans or dependents or survivors of benefits." (citations omitted)); *Karmatzis v. Hamilton*, 553 Fed. Appx. 617, 618-19 (7th Cir. 2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions.")  (collecting cases).

Plaintiff has couched his claims for benefits as tortious breaches of a duty to provide medical care.  "A veteran may not circumvent these jurisdictional limitations [set forth in the VJRA] by cloaking a benefits claim in" terms of tortious conduct by the VA.  *Karmatzis*, 553 Fed. Appx. at 619 (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (collecting cases)); *accord Milbauer v. United States*, -- Fed. Appx. --, 2016 WL 360832, at *3-4 (11th Cir. Jan. 29, 2016) (*per curiam*) (same); *Pate v. Dept. of Veterans Affairs*, 881 F. Supp. 553, 556 (M.D. Ala. 1995) (same).  This is because the VJRA provides that "*all* questions of law and fact" relating to benefits must be determined within the contours of that statute.  38 U.S.C. § 511(a) (emphasis added).  Accordingly, even if Plaintiff has suffered hardships due to

Defendants' negligence, it is not within this court's jurisdiction to address Plaintiff's claims. That task is left to the hierarchy of authorities established by the VJRA.[3]

## VI. Conclusion

For these reasons, Plaintiff's claims in his First Amended Complaint are due to be dismissed without prejudice. A separate order will be entered.

**DONE** and **ORDERED** this June 8, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, and in any event, even if this court did have jurisdiction over Plaintiff's claims, he has not pled compliance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. A tort claim against the VA implicates the sovereign immunity of the federal government. *See Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This is because sovereign immunity is jurisdictional in nature. *Id.* Accordingly, in order for there to be a statutory waiver of immunity for torts committed by federal employees, Congress has required that a plaintiff first satisfy certain administrative prerequisites under the FTCA. 28 U.S.C. §§ 1346, 2671-2680; *see* 28 U.S.C. § 2675; *see also Meyer*, 510 U.S. at 475-76; 28 U.S.C. § 1346(b).

The FTCA provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "This procedure is jurisdictional and cannot be waived." *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984). The written notice must be provided in writing to the appropriate federal agency within two years after the claim accrues or it is forever barred. *Cheves*, 227 F. Supp. 2d at 1241 (citing 28 U.S.C. § 2401(b); *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982)). A plaintiff cannot file the requisite administrative claim after filing a complaint in court. *McNeil v. United States*, 508 U.S. 106, 110-113 (1993). Thus, when a plaintiff has failed to exhaust his administrative remedies under the FTCA, a district court lacks subject matter jurisdiction over a federal tort suit. *See United States v. Kubrick*, 444 U.S. 111, 1117-18 (1979). Because Plaintiff has not in any way indicated that he complied with the FTCA, his claims would likely be due to be dismissed for that reason.